UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOEL A. HORTA SUAREZ,

                Petitioner,

-against-

INTERNAL REVENUE SERVICE; UNITED STATES GOVERNMENT,

                Respondents.

21-CV-10879 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner brings this *pro se* action styled as a petition for a writ of mandamus. To proceed with a civil action in this Court, Petitioner must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Petitioner submitted an IFP application, but his responses do not establish that he is unable to pay the filing fees. Petitioner states that he is presently employed, but in response to the question on the IFP application asking for his gross and take-home wages, Petitioner writes, "N/A." (ECF 1, at 2.) Petitioner checks the boxes on the form to indicate that he also receives income from "Business, professional, or another self-employment" and from "other sources." (*Id.* at 2.) When asked to describe each source of money, the amount received, and the amount expected to be received in the future, Petitioner writes,

> I am self-employed and during the last years I have been engaged in the development of a Trade and Sales/Risk-Management solution for Capital Markets. Therefore, although income is subject to estimation via the accrual method of accounting, I have decided not to plead a certain amount above. I am also immersed in current business and commercial proceedings as additional steps to release myself and my Business endeavors and profession form all adverse claims

and undue losses that many non-named or unknown parties, have been unduly placing or causing on me."

(*Id.* at 2-3.) Petitioner further states that he has been "receiving assistance in [his] daily life expenditures from [his] ex-spouse, who is not without fault in the whole scheme of torts." (*Id.* at 3.)

Petitioner states that he has $50.00 in cash or in a checking or savings account. (*Id.*) In response to the question on the form asking him to list any assets or items of value and describe their approximate value, Petitioner writes, "Business Interest, Pending Action for Value." (*Id.*) Finally, Petitioner states that he has $550.00 in monthly expenses and that he provides "$ Variable" to support several family members. (*Id.* at 4.)

Because Petitioner states that he has several sources of income, including current employment, but does not provide any information about the amount of money he receives from these sources, the Court is unable to determine whether Petitioner is unable to afford the filing fees.

Accordingly, within thirty days of the date of this order, Petitioner must either pay the $402.00 in fees or submit an amended IFP application. If Petitioner submits the amended IFP application, it should be labeled with docket number 21-CV-10879 (LTS), and address the deficiencies described above by providing facts to establish that he is unable to pay the filing fees. Petitioner must state all his sources of income and the amount of income he receives from each source. If the Court grants the amended IFP application, Petitioner will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Petitioner complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   December 27, 2021
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge