UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOEL A. HORTA SUAREZ,

                                        Petitioner,

                -against-

INTERNAL REVENUE SERVICE; UNITED
STATES GOVERNMENT,

                                        Respondents.

21-CV-10879 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Petitioner Joel A. Horta Suarez (Petitioner), who is appearing *pro se*, brings this action

which he styles as a petition for a writ of mandamus.[1] The Court construes the complaint as also

asserting constitutional claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of

Narcotics*, 403 U.S. 388 (1971). By order dated January 3, 2022, the Court granted Plaintiff's

request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons

set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of

the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see

Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Although Petitioner styles his submission as a "petition," the Court refers to his
submission as a "complaint" for the purposes of this order.

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Petitioner Joel A. Horta Suarez, who is a resident of Miami, Florida, brings this action, which he styles as a petition for a writ of mandamus, seeking payment from the IRS for what Petitioner asserts are "improperly withheld taxes." (ECF 2, at 17.) He states that the Court has

jurisdiction to consider his claims under 28 U.S.C. §§ 1331, 1340, 1346, 1355, 1361; and 15

U.S.C. § 15. (*Id.* at 7.) He further alleges that

> [j]urisdiction is conferred . . . under the Fourth Amendment, since actions amounting to undue seizure of property may reasonably involve the jurisdictional powers of the Court for the issuance of writs of mandamus and quo warranto to US officers and Agencies, for execution and enforcement of US Constitution guarantees and Federal Laws. Proper aid for obtaining Jurisdiction can be conferred upon the US District Court under US Tax Court Rules of Practice and Procedure, Rule 13. Jurisdiction(a)(1) "any other taxes", since actions in violation of IRS and Federal Laws, 26 US Code, sufficient for granting the Commissioner's power to issue Notice of Deficiency in accounting for Taxes and defeating the purpose of the Internal Revenue Service Laws; and for the issuance of the order for payment as requested in this document.

(*Id.* at 7-8.)

> Moreover,

> [u]nder the Eighth Amendment . . . and the US Tax Court Rule 330(b), and 26 US Code statutory provisions, the Court may reasonably invoke its jurisdictional powers for the issuance of Notice of Deficiency and writs of mandamus and quo warranto to US officers and Agencies, for the execution and enforcement of US Constitution guarantees, complaint with the action request for payment of withheld taxes, IRS Laws, and Federal Laws; and to relief a party from undue treatment.

(*Id.* at 8-9.)

The following allegations are taken from the petition, which is not a model of clarity.

Petitioner asserts that he "is entitled to payment on the amount requested under US Constitutions

and Federal Laws, to Payment of Banking/Financial Item in the form of Demand Deposit for

Withheld Taxes; or check, payable to the order of plaintiff and delivered it to plaintiff." (*Id.* at

11.) He states that to the best of his knowledge, "the value of Items of value for withheld taxes

that Internal Revenue Service (IRS) owes plaintiff" is equal to $250,000.00 per year for each

year from 2012 to 2019, and $500,000,000.00 for 2020. (*Id.*)

Petitioner writes,

> The property or items of value at issue are wrongfully withheld by the IRS. IRS
> came into or withheld the items or property at issue by means of il[l]egal actions
> of Accountants and IRS contractors that have engaged in set of actions
> con[s]tituting negligen[c]e, interference with economic advantage or guarantees,
> and actions defeating the purpose of IRS Laws (26 US Code). To the
> Petitioner/Plaintiff's best knowledge, information, and belief, IRS has either no
> notice of the mentioned il[l]egal actions or detains the property in violation of 26
> US Code Laws.

(*Id.* at 11-12.)

He asserts that his "property has not been taken for any tax, assessment, or fine pursuant

to law" nor has it been taken "under an execution or attachment against plaintiff's property." (*Id.*

at 12.)

Petitioner states that his action

> correspond[s] with an official IRS Tax Adjustment or Tax Am[]endment Action,
> which Petitioner seeks recovery for improperly and illegally withheld taxes
> secondary to IRS Tax Contractors conduct constituting Negligence, Statutory
> Violation, Denial of Services, Undue Interference with Economic and Business
> Advantages. Petitioner requests to the court in this Action for the issue of Writ of
> Mandamus for the performance of the requested payment action on Petitioner's
> behalf for an amount equal to $250,000.00.

(*Id.* at 14.)

As relief, Petitioner appears to ultimately seek payment for withheld taxes, and he lists

multiple methods by which he seeks payment. For example, he writes,

> Petitioner demands Payment of Banking/Financial Item in the form of **Demand
> Deposit for Withheld Taxes** (12 CFR § 229.2(a)(1)(i); 12 CFR § 204.2(a)(1); and
> 12 CFR § 204.2(b)(1)(vi)), via **Electronic Payment** (12 CFR § 229.2(p)), **Wire
> Transfer** (12 CFR § 229.2(ll)), **Automatic Clearinghouse transfer** (ACH 12
> CFR § 229.2(b)), or **Check** (12 CFR § 229.2(i), (j), (k), (gg), (hh), (ww), (ggg);
> 12 CFR § 229.30); drawn on the IRS and payable to Petitioner for the amount of
> $250,000.00.
> . . .
>
> Petitioner requests to the court to issue process as provided in 12 CFR Subpart B
> – Funds Transfers Through Fedwire; especially 12 CFR § 210.25 – Authority,
> purpose, and scope; 12 CFR 210.29 – Agreement of receiving bank; 12 CFR

§ 210.30 – Payment orders; 12 CFR § 210.31 – Payment by a Federal Reserve
Bank to a receiving bank or beneficiary; for the purpose of collecting and
depositing Item and order to Plaintiff's account, included in addended documents.

(*Id.* at 16-17) (all bold in original).

In addition to the complaint, Petitioner has also filed: (1) a "Motion to United States

District Court Southern District of New York for Transfer to cure want of jurisdiction in Petition

for Payment of Bank Deposit Instrument" (ECF 3); (2) a Motion for Permission for Electronic

Case Filing (ECF 4); (3) a "Certification of Emergency" (ECF 8); (4) a "Motion to United States

District Court Southern District of New York for Clarification and Give Notice of Special

Circumstances; in Petition for Payment of Bank Deposit Instrument" (ECF 9); (5) a "Motion to

United States District Court Southern District of New York to File Sealed Supplemental

Documents in Relation to Petitioner's Business and Financial Affairs; in Case Joel A. Horta

Suarez vs. IRS and US Government in Action for Payment of Banking/Financial Item in the form

of Demand Deposit for Withheld Taxes" (ECF 10); (6) a "Motion for Judgment on the Pleadings

under Federal Rules of Civil Procedure Rule 12(c)" (ECF 12): (7) a "Notice to United States

District Court for the Southern District of New York of Related Cases to Action for Breach of

Presentment Guarantees, Wrongful Dishonor of Instruments, Liability for Wrongful Rejection of

Payment Orders, and Denial of Services; under U.C.C., C.F.R., and 15 US Code" (ECF 13); and

(8) a "Notice of a Lawsuit and Request to Waive Service of a Summonses" addressed to the

"United States Government" (ECF 14.) Although many of Plaintiff's submissions are confusing,

they largely appear to restate the information contained in the petition.

## DISCUSSION

### A.    **Rule 8**

The complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule

8 requires a complaint to make a short and plain statement showing that the pleader is entitled to

relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing B*ell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, the complaint fails to allege sufficient facts to suggest that Petitioner has a plausible claim for relief. The complaint instead consists almost entirely of legal citations and conclusory assertions that the IRS "illegally withheld" Petitioner's taxes. Nowhere in Petitioner's numerous submissions, however, is the Court able to identify any factual allegations describing why Petitioner believes his taxes were unlawfully withheld or a short and plain statement showing that he is entitled to relief.

B.    **Mandamus Relief**

Petitioner styles his submission as a petition for a writ of mandamus under 28 U.S.C. § 1361. The mandamus statute provides that "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Second Circuit has held that "a writ of mandamus may not be granted pursuant to § 1361 unless there is 'a plainly defined and peremptory duty on the part of the defendant to do the act in question.'" *McHugh v. Rubin*, 220 F.3d 53, 57 (2d Cir. 2000) (quoting *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989)); *see City of New York v. Heckler*, 742 F.2d 729, 739 (2d Cir. 1984) (holding that a

writ of mandamus will not issue under Section 1361 unless "the defendant is under a clear nondiscretionary duty to perform the act requested"). Here, Petitioner has alleged no facts suggesting any officer or agency of the United States has a clear, defined, and nondiscretionary duty that is owned to him.[2]

## C.    Claims under 28 U.S.C. § 1346(a)(1)

The complaint suggests that Petitioner may be attempting to assert claims for a tax refund under 28 U.S.C. § 1346(a)(1). Under that provision, a district court has jurisdiction over a "civil action against the United States for recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). A requirement for maintaining such a suit in federal court is the timely filing of a claim for refund or credit with the IRS. 26 U.S.C. § 7422(a); *United States v. Dalm*, 494 U.S. 596, 608 (1990). The time for submitting such claim is "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." 26 U.S.C. § 6511(a). Furthermore, a plaintiff must allege that he has exhausted his administrative remedies. *See U.S. v. Williams*, 514 U.S. 527, 533 (1995) ("It is undisputed that § 7422 requires administrative exhaustion.").

---

[2] Moreover, to the extent that Petitioner seeks mandamus relief from the United States itself, the Court lacks jurisdiction to grant his request. The mandamus statute only applies to officers, employees, or agencies of the United States; district courts do not have jurisdiction over mandamus actions against the United States itself. *See Sloan v. Truong*, 573 F. Supp. 2d 823, 828 (S.D.N.Y. Aug. 28, 2008) (rejecting mandamus claim because plaintiff "sued only the United States itself rather than any federal officer or agency"); *Morpurgo v. Board of Higher Educ.*, 423 F. Supp. 704, 714 (S.D.N.Y. 1976) (holding that Section 1361 "does not apply to the United States itself").

Here, the confusing nature of the complaint makes it impossible to discern whether Petitioner has filed a timely claim and exhausted his administrative remedies. Petitioner states that this action "correspond[s] with an official IRS Tax Adjustment or Tax Am[]endment Action" in which he seeks recovery of "improperly and illegally withheld taxes secondary to IRS Tax Contractors conduct constituting Negligence, Statutory Violation, Denial of Services, Undue Interference with Economic and Business Advantages." (ECF 2, at 10.) He also attaches an unsigned and undated IRS Form 1040-X, which appears to show that he is requesting or has requested a refund of $250,000. (*See id.* at 26-28.) Based on the information provided in the complaint, however, the Court is unable to determine the timeliness of Petitioner's claims or whether his claims have been properly exhausted.[3]

## D.    Constitutional Claims

Petitioner also purports to assert constitutional claims. Because Petitioner alleges that his constitutional rights were violated by employees of the federal government, the Court liberally construes the complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675

---

[3] Petitioner previously filed a similar claim in Florida in which he sought a refund of withheld taxes. *See Horta Suarez v. IRS*, No. 1:21-CV-22542 (RNS) (S.D. Fla. Aug. 9, 2021). In that action, Petitioner filed a complaint and numerous other motions similar to the motions he filed in this court. By order dated July 22, 2021, the court dismissed the original complaint for failure to state a claim but granted Plaintiff leave to replead his claims. *Id.*, Dkt. 10. Plaintiff filed an amended complaint that raised similar claims and added two accounting firms as defendants. By order dated August 9, 2021, the court dismissed the amended complaint for failure to state a claim, holding that "[t]he amended complaint cites a list of federal and state statutes but does not set forth sufficient information to state a violation." *Id.*, Dkt. 26, at 3. Because the nature of Petitioner's claims in this action is unclear at this time, the Court makes no determination as to whether any claims he asserts in an amended complaint would be barred under the doctrine of *res judicata* based on the previous Florida action. *See Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018) (*Res judicata* "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not.").

(2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [42 U.S.C. § 1983].").

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). Federal courts have analogized *Bivens* claims to those brought under Section 1983, which require a showing that defendants acted under color of state law to deprive a plaintiff of a federally protected right. Thus, caselaw from actions brought under Section 1983 may be used to address issues raised in *Bivens* cases. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978); *Shue v. United States*, 466 F. App'x 51, 51 (2012) (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

Petitioner's *Bivens* claims against the United States and the IRS are barred by sovereign immunity. The doctrine of sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, including its agencies, except where sovereign immunity has been waived.[4] *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits

---

[4] The Federal Tort Claims Act (FTCA), codified at 28 U.S.C. §§ 2671-80, provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). The government's waiver of sovereign immunity under the FTCA, however, is not applicable to "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c); *see also Aetna Cas. & Sur. Co. v. United States*, 71 F.3d 475, 477 (2d Cir. 1995) (affirming dismissal of tax-related tort claim on basis of sovereign immunity and 28 U.S.C. § 2680(c)).

are also barred under the doctrine of sovereign immunity, unless such immunity is waived."). The Court therefore dismisses Petitioner's Bivens claims under the doctrine of sovereign immunity.

**E.      Petitioner's Motions**

In addition to the petition, Petitioner filed the following documents: (1) a "Motion . . . for Transfer to cure want of jurisdiction in Petition for Payment of Bank Deposit Instrument" (ECF 3); (2) a Motion for Permission for Electronic Case Filing (ECF 4); (3) a "Certification of Emergency" (ECF 8); (4) a "Motion . . . for Clarification and Give Notice of Special Circumstances; in Petition for Payment of Bank Deposit Instrument" (ECF 9); (5) a "Motion . . . to File Sealed Supplemental Documents in Relation to Petitioner's Business and Financial Affairs; in Case Joel A. Horta Suarez vs. IRS and US Government in Action for Payment of Banking/Financial Item in the form of Demand Deposit for Withheld Taxes" (ECF 10); and (6) a "Motion for Judgment on the Pleadings under Federal Rules of Civil Procedure Rule 12(c)" (ECF 12). Because the complaint fails to state a claim, the Court denies Petitioner's motions without prejudice to renewal at a later time.

## LEAVE TO AMEND

Petitioner proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). It is unclear whether Petitioner may be

able to allege additional facts to state a valid claim for a refund of withheld taxes. In an abundance of caution, however, the Court grants Plaintiff sixty days' leave to amend his complaint to detail his claims.

Petitioner is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Petitioner must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Petitioner has an address for any named defendant, Petitioner must provide it. Petitioner should include all of the information in the amended complaint that Petitioner wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Petitioner suffered; and

d) the relief Petitioner seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Petitioner's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Petitioner is entitled to relief.

Because Petitioner's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Petitioner wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Petitioner is granted leave to file an amended complaint that complies with the standards set forth above. Petitioner must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-10879 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Petitioner fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court denies Petitioner's motions (ECF 3, 4, 8, 9, 10, 12) without prejudice to renewal at a later time.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   January 31, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____                   \_\_\_\_ **Civ.** _____ ( \_\_\_\_ )
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*           **AMENDED**
                                                                             **COMPLAINT**

                 -against-
                                                                      Jury Trial:  ☐ Yes     ☐ No
_____                               *(check one)*
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*

I.       **Parties in this complaint:**

A.       List your name, address and telephone number.  If you are presently in custody, include your
         identification number and the name and address of your current place of confinement.  Do the same
         for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff        Name _____
                 Street Address _____
                 County, City _____
                 State & Zip Code _____
                 Telephone Number _____

B.       List all defendants.  You should state the full name of the defendant, even if that defendant is a
         government agency, an organization, a corporation, or an individual.  Include the address where
         each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
         contained in the above caption.  Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                    1

Defendant  No. 1     Name  _____

                     Street Address  _____

                     County, City  _____

                     State & Zip Code  _____

                     Telephone Number  _____


Defendant  No. 2     Name  _____

                     Street Address  _____

                     County, City  _____

                     State & Zip Code  _____

                     Telephone Number  _____


Defendant  No. 3     Name  _____

                     Street Address  _____

                     County, City  _____

                     State & Zip Code  _____

                     Telephone Number  _____


Defendant  No. 4     Name  _____

                     Street Address  _____

                     County, City  _____

                     State & Zip Code  _____

                     Telephone Number  _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

      ☐ Federal Questions                    ☐ Diversity of Citizenship


B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

      _____

      _____


C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

      Plaintiff(s) state(s) of citizenship _____

      Defendant(s) state(s) of citizenship _____

      _____

III.    **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.     Where did the events giving rise to your claim(s) occur? _____

_____

B.     What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.     Facts:  _____

_____

| What happened to you? |

_____
_____
_____
_____

| Who did what? |

_____
_____
_____

| Was anyone else involved? |

_____
_____

| Who else saw what happened? |

_____
_____
_____
_____

IV.    **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____
_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                         Signature of Plaintiff     _____

                         Mailing Address            _____

                                                     _____

                                                     _____

                         Telephone Number           _____

                         Fax Number *(if you have one)*   _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
          must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.


                         Signature of Plaintiff:    _____

                         Inmate Number              _____


*Rev. 12/2009*                              4